UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Foods, Inc., Civ. File No. 00-2327 (PAM/JGL)

Plaintiff,

v. **MEMORANDUM AND ORDER**

Raztek Corporation,

Defendant.

---

This matter is before the Court on Defendant Raztek Corporation's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the Court grants Defendant's Motion.

**BACKGROUND**

Defendant Raztek Corporation ("Raztek") is a partner in R&P Liquid Egg Technology Limited Partnership ("R&P"). R&P is the exclusive licensee of a patent owned by Raztek. (Compl. ¶ 6.) The patent covers a method of ultra pasteurization for liquid extended-shelf-life whole eggs. (Id. ¶ 4.) R&P granted a sublicense to Papetti Hygrade Egg Products ("Papetti"), which was acquired by Plaintiff Michael Foods, Inc. ("Michael Foods") in February 1997. (Id. ¶¶ 6-7.) Since Michael Foods acquired Papetti, it has continued to pay royalties to R&P for the use of the patent. (Id. ¶ 9).

The sublicense provides that Michael Foods will pay a minimum royalty of $30,000

FILED MAR - 5 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAR - 5 2001
DEPUTY CLERK

per month or 2% of its gross income from sales of product processed using the patented technology, whichever is greater. (Id. ¶ 6 (quoting § 3.1 of Sublicense Agreement).) Michael Foods represents that it intends to continue to pay the royalties required by the Sublicense Agreement until the Agreement is terminated. (Id. ¶ 11.)

According to the Complaint, Raztek has recently begun making demands "that R&P be dissolved, that the Sublicense Agreement be terminated, that the substantial termination fee be paid to Raztek in advance, or that Michael Foods . . . pay substantially more than the minimum annual royalty called for in the Sublicense Agreement." (Id. ¶ 12.) These demands have escalated into threats of litigation. (Id. ¶ 12.) As a result, Michael Foods brought this action, seeking a declaratory judgment that Michael Foods has not breached the Sublicense Agreement. (Id. at 4, at ¶ 1.)

**DISCUSSION**

For the purposes of Raztek's Motion to Dismiss, the Court takes all facts alleged in the Complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to Michael Foods. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Raztek contends that the Complaint does not present an actual controversy sufficient

to satisfy either Article III's "case or controversy" requirement, or the requirement of the Declaratory Judgment Act that relief be given only in "a case of actual controversy." 28 U.S.C. § 2201. Thus, according to Raztek, the Court does not have subject matter jurisdiction over the Complaint.

The demand for a declaratory judgment "does not by itself establish a casc or controversy necessary to confer subject matter jurisdiction." S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch., 24 F.3d 427, 431 (2d Cir. 1994). Under the Declaratory Judgment Act, to determine whether an actual controversy exists, the Court must examine whether "there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941). "The controversy must be definite and concrete touching the legal relations of parties having adverse legal interests." Caldwell v. Gurley Ref. Co., 755 F.2d 645, 649 (8th Cir. 1985).

According to Michael Foods, Raztek's threats of litigation suffice to bring the case within the actual controversy requirement of the Declaratory Judgment Act and Article III. However, the mere threat of future litigation does not by itself mean that a case presents an actual controversy. The Declaratory Judgment Act is intended "to prevent a party from using the threat of a suit to create a Hobson's choice for an adversary." Friedman v. Geller, 925 F. Supp. 611, 613 (E.D. Wis. 1996). Courts are unwilling to force a party to forego a course of action because the party's adversary threatens suit. For example, in the patent context, a

purported infringer need not risk an infringement action by manufacturing an allegedly infringing device, but can obtain a declaration of non-infringement when the threat of an infringement action is made. See BP Chem. Ltd. v. Union Carbide Corp., 4 F.3d 975, 978 (Fed. Cir. 1993).

In this case, Michael Foods has not alleged that it is being forced to forego a course of action because of Raztek's threats of litigation. Indeed, Michael Foods insists that it intends to continue to pay royalties in accordance with the Sublicense Agreement, and does not profess an interest in terminating that Agreement. Moreover, there is no indication that Raztek is imminently planning to sue Michael Foods. The Declaratory Judgment Act is not intended for cases such as this.

A declaratory judgment can be entered even though future contingencies may determine whether a controversy becomes real. However, the Court must decide the "practical likelihood" that the contingencies will occur. GTE Directories Pub. Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1569 (11th Cir. 1995) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure, § 2757, at 587 (2d Ed. 1983)). In its Complaint, Michael Foods seeks a declaratory judgment that, should Raztek sue for breach of the Agreement, and should Raztek raise the state-law claim of breach of the implied covenant of good faith and fair dealing or other state-law claims, Michael Foods has not breached the Agreement and is not liable under any state-law theories. The likelihood that these contingencies will occur and make the controversy between the parties real is too speculative.

As the Court in Friedman stated, "A declaratory judgment action is not a tool to compel potential [breach of contract] plaintiffs to litigate their claims at a time and in a forum chosen by the alleged [breaching party]." 925 F. Supp. at 613.

Michael Foods has not presented an actual controversy to the Court. Therefore, the Court does not have subject matter jurisdiction over the Complaint.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court finds that Michael Foods' Complaint fails to state a claim on which relief can be granted. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Clerk Doc. No. 2) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 2, 2001

Paul A. Magnuson
United States District Court Judge

MAR - 5 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995